Argued and submitted July 10, affirmed September 17, 1985

MERRILL,
*Petitioner on Review,*

*v.*

BOARD OF ARCHITECT EXAMINERS
OF THE STATE OF OREGON,
*Respondent on Review.*

(CA A30600; SC S31529)

706 P2d 556

Kent Hickam, Albany, argued the cause and filed a brief for petitioner on review.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

James N. Westwood, Portland, filed a brief *amicus curiae* for Oregon Council of Architects, AIA. With him on the brief were Miller, Nash, Wiener, Hager & Carlsen, Portland.

LINDE, J.

## LINDE, J.

The State Board of Architect Examiners (BAE) fined petitioner $1,000 for unlicensed practice of architecture contrary to ORS 671.020.[1] The practice of architecture is defined to mean the "planning, designing or supervision of the erection, enlargement or alteration of any building or of any appurtenance thereto other than exempted buildings" but excludes contractors or their supervisors or foremen directing such work "under the supervision of a registered architect or registered professional engineer." ORS 671.010(5). Petitioner sought review of the order on the grounds that the BAE lacked authority to penalize him because the construction documents which he helped to prepare bore the stamp of a registered engineer, and further that the BAE's findings were inadequate and inadequately supported in the record. The Court of Appeals reviewed the BAE's findings and affirmed its order. Having allowed review to examine petitioner's claim that petitioner's conduct was within the exclusive jurisdiction of the BAE, we affirm the decision of the Court of Appeals.

The BAE's findings show that Merrill was employed by the Hamilton Creek School District No. 33C to design a classroom addition to the school. Because Merrill was not an architect, he was required to be "hired" by a professional engineer who would not need an architect's license. Merrill associated himself with Joseph Thaler, an engineer with whom he had a previous working relationship. The arrangements between the school board, Merrill, and Thaler were oral and their relationships were "blurred," but Merrill was not Thaler's employe. Merrill prepared plans and specifications for the construction project, and Thaler reviewed them, made some calculations, and put his engineer's stamp on the documents. The school district paid Merrill $400 and Thaler $450, of which $250 was for Thaler's own services and the rest for Merrill's. The BAE's ultimate findings of fact were that Merrill was neither an employe nor a subordinate of Thaler and that "Merrill prepared plans and specifications (construction documents) constituting the planning and designing of the classroom addition to the school."

---

[1] ORS 671.020 provides that no person shall "practice the profession of architecture * * * without first qualifying before the BAE and obtaining a certificate of registration" and otherwise complying with ORS 671.010 to 671.220. ORS 671.220(1) authorizes the BAE to impose a penalty of not more than $1,000 for each violation.

Although the BAE's only conclusion of law was that Merrill practiced architecture contrary to law, in its opinion it gave attention to the relationship between ORS chapter 671, which governs the practice of architecture but exempts contractors or their supervisory employes acting "under the supervision of a * * * a registered professional engineer," ORS 671.010(5), and ORS chapter 672, which provides for the licensing of engineers. Specifically, it noted that ORS 672.060 exempts from the requirements of the engineers' law any person who works within statutory limits as an "employe or a subordinate" of a registered engineer, who in turn is exempt from the architects' statute. The BAE concluded that petitioner could not claim either exemption because he was not Thaler's employe or subordinate.

On appeal, and on review in this court, petitioner's main contention is that the BAE lost its authority to judge petitioner's conduct once Thaler had affixed his stamp to the construction documents, because its decision implicitly finds that Thaler misused his engineer's stamp and only the State Board of Engineering Examiners can make that decision. A brief *amicus curiae* filed on behalf of the American Institute of Building Designers similarly argues that the BAE "necessarily found that Thaler misused his engineering seal by placing the seal on documents when he had not directly supervised the work or the preparation." *Amicus* contends that if the BAE were to investigate Thaler, it might find that Thaler in fact directly supervised Merrill and that the construction of the project complied with the statutes.

The argument fails because even if Thaler supervised Merrill, this would not extend any exemption to Merrill. To be excluded from the definition of "practice of architecture" under ORS 671.010(5) by virtue of working under the supervision of a registered professional engineer, one must be a "contractor or his duly appointed superintendent or foreman directing the work." ORS 671.030 excludes from the "practice of architecture" the practice of engineering by a registered professional engineer or "any person engaged in architecture or engineering work as an employe of an architect or registered professional engineer." Petitioner was not employed by the contractor, by an architect, or by the engineer Thaler, so the issue of supervision need not even be reached.[2]

---

[2] *Amicus curiae* insistently misquotes ORS 672.060(3) as exempting from the

For the same reason, we do not discuss petitioner's attack on the BAE's finding that Thaler did not have authority over or responsibility for the job. Petitioner himself describes his position as that of an independent contractor. The Court of Appeals correctly affirmed the BAE's findings.[3]

The decision of the Court of Appeals and the order of the BAE are affirmed.

---

requirements of the engineers' law (and therefore creating a conflict with the architects' law) any person whose work is directly supervised and verified by a registered professional engineer, and, according to *amicus,* "not only those who are employes or subordinates of registered engineers."

ORS 672.060(3)(b) provides:

"ORS 672.002 to 672.325 do not apply to:

"* * * * *

"(3) Any person working as an employe or a subordinate of a registered professional engineer if:

"* * * * *

"(b) The work of the person is done under the direct supervision of and is verified by a registered professional engineer * * *."

We do not understand the argument that to engage in engineering without a certificate by virtue of ORS 672.060(3)(b) one need not be "an employe or a subordinate of a registered professional engineer."

[3] We took under advisement petitioner's motion to strike references to the existence of the Architects/Engineers Liaison Committee in an appendix to the BAE's response to questions of this court. We deny the motion, because the existence of the committee is a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," OEC 201(b)(2), and petitioner, after notice, does not question that there is such a committee. The fact, however, plays no role in our decision.